UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WINFIELD SCOTT TOWER URBAN RENEWAL LP, | CIVIL ACTION NO. |
| Plaintiff, | |
| vs. | **COMPLAINT AND JURY DEMAND** |
| LORISSA LUCIANI and ANGELA GOODE, | |
| Defendants. | |

Plaintiff, Winfield Scott Tower Urban Renewal LP, by and through its attorney Joseph H. Neiman, complaining of the Defendants, alleges the following upon information and belief:

### NATURE OF THE CASE

1. This is a case where the defendants, all acting under state law and/or policy, deprived plaintiff of certain property rights by violating due process and acting in an arbitrary and capricious manner by withholding funds due plaintiff in the amount of $692,393.00.

### BASIS FOR JURISDICTION AND VENUE

2. Plaintiff sues Under 42 U.S.C § 1983, "deprivation of rights, privileges, and/or immunities secured by the Constitution and federal laws."

3. This is a § 1983 claim and the named defendants are brought in individually and in their capacity as state officials.

4. Section 1983 allows defendants to be found liable when they have acted "under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. The defendants, Lorissa Luciani and Angela Goode, as employees of the New Jersey Department of Community Affairs acted in a manner that was arbitrary and capricious, as well as a violation of plaintiff's property rights and right to contract as provided by the United States Constitution, required plaintiff to forfeit $692,353.00 simply because they did not want plaintiff to make a profit on its sale.

## PARTIES

5. Plaintiff, Winfield Scott Tower Urban Renewal LP (hereinafter referred to as "Winfield") is a limited partnership, with its principal offices located at 7300 W Camino Real, Boca Raton, Florida and doing business at 323 North Broad Street, in the City of Elizabeth, County of Union and State of New Jersey

6. Defendant, Lorissa Luciani is an individual and employee of New Jersey Department of Community Affairs as the administrator located at 101 South Broad Street, 5th Floor, PO Box 806 in the City of Trenton, County of Mercer and State of New Jersey.

7. Defendant, Angela Goode is an individual and employee of New Jersey Department of Community Affairs as the administrator located at 101 South Broad Street, 5th Floor, PO Box 806 in the City of Trenton, County of Mercer and State of New Jersey.

## STATEMENT OF CLAIM

8. Plaintiff, Winfield, is the owner of a certain premises located at 323 North Broad Street, Elizabeth, New Jersey 07208.

9. In or about May of 2021, plaintiff contracted with Magill Tower Urban Renewal LLC to sell its premises located at 323 North Broad Street, Elizabeth, New Jersey for $6,200,000.

10. At the time of the closing of the sale, plaintiff had an outstanding mortgage with New Jersey Department of Community Affairs in the amount of $1,680,000 which was being assumed by Magill Tower Urban Renewal LLC.

11. At the time of the closing, September 21, 2022, plaintiff owed $1,680,000 on the mortgage to New Jersey Department of Community Affairs plus accrued interest.

12. Magill Tower Urban Renewal LLC was to assume the mortgage provided by the New Jersey Department of Community Affairs in the amount of $1,680,000.

13. The New Jersey Department of Community Affairs approved the assumption to Magill Tower Urban Renewal LLC.

14. At the time of the closing, defendants required plaintiff to pay all outstanding interest in the amount of $1,184,607.12 PLUS an additional $692,393.00 for their mortgage despite the fact that New Jersey Department of Community Affairs approved a Mortgage Assumption in the amount of $1,680,000.

15. Basically, in an arbitrary and capricious manner defendants required plaintiff pay an extra $692,393 it did not owe.

16. Defendants would not allow plaintiff to close and sell the premises to Magill Tower Urban Renewal LLC without paying the extra $692,393 to New Jersey

Department of Community Affairs which it did not owe and that New Jersey Department of Community Affairs benefitted from without any right.

17. In doing so, the defendants violated plaintiff's protected property and contract rights in an arbitrary and capricious manner.

**WHEREFORE,** Plaintiff demands judgment against the defendants for $692,393.00, with interest thereon, reasonable attorney's fees, costs, plus punitive damages to be decided by the trier of fact and for such other and further relief as this court deems just and proper.

Dated: January 10, 2023

                                        Joseph H. Neiman, Esq.
                                        Attorney for Plaintiff
                                        85 Main Street, Suite 302
                                        Hackensack, New Jersey 07601
                                        Tele: (201) 487-0061
                                        Email: JNeimanesq@gmail.com

## JURY DEMAND

Plaintiff demands trial by jury with respect to all issues so triable.

Dated: January 10, 2023

                                        Joseph H. Neiman, Esq.
                                        Attorney for Plaintiff
                                        85 Main Street, Suite 302
                                        Hackensack, New Jersey 07601
                                        Tele: (201) 487-0061
                                        Email: JNeimanesq@gmail.com