<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WINFIELD SCOTT TOWER URBAN RENEWAL LP, | |
| Plaintiff, | Civil Action No. 23-133 (MAS) (TJB) |
| v. | **MEMORANDUM OPINION** |
| LORISSA LUCIANI, *et al.*, | |
| Defendants. | |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court upon Defendants Lorissa Luciani and Angela Goode's (collectively "Defendants") motion to dismiss Plaintiff Winfield Scott Tower Urban Renewal LP's ("Plaintiff") Complaint (ECF No. 1), and Plaintiff's cross-motion to amend its Complaint[1] (ECF No. 19). Plaintiff opposed Defendants' motion to dismiss (ECF No. 19-1), but Defendants did not oppose Plaintiff's motion to amend its Complaint. Defendants did, however, reply to Plaintiff's opposition to Defendants' motion. (ECF No. 27.) After consideration of the parties' submissions, the Court decides the parties' motions without oral argument pursuant to Local Civil Rule 78.1. As Defendants do not appear to oppose Plaintiff's motion to amend its Complaint (ECF No. 19),

---

[1] Plaintiff attached a proposed Amended Complaint to its motion. (Am. Compl., ECF No. 19-5.)

and as Plaintiff's Amended Complaint does not alter any factual allegations,[2] Plaintiff's motion to amend is granted. Defendants' motion to dismiss (ECF No. 10) is, consequently, construed as a motion to dismiss Plaintiff's Amended Complaint (ECF No. 19-5).

I.   **BACKGROUND**[3]

Plaintiff is the former owner of a property located at 323 North Broad Street, Elizabeth, New Jersey (the "Property"). (Am. Compl. ¶ 8.) In May 2021, Plaintiff contracted to sell the Property to Magill Tower Urban Renewal LLC ("Magill"). (*Id.* ¶ 9.) At the time of closing, Plaintiff had an outstanding mortgage on the Property with the New Jersey Department of Community Affairs ("NJDCA") for $1,680,000. (*Id.* ¶ 10.) Magill was intended to assume the mortgage for that amount. (*Id.* ¶ 12.) The NJDCA approved Magill's assumption. (*Id.* ¶ 13.)

At the time of closing, Defendants[4] required Plaintiff to pay all outstanding interest on the mortgage. (*Id.* ¶ 14.) In combination with the mortgage total, Plaintiff owed $2,864,607.12 at closing, of which $1,680,000 would be assumed by Magill. (*Id.*) That left $1,184,607.12 in interest. (*Id.*) Despite this calculation, and without justification, Defendants required Plaintiff to pay an additional $692,393 in addition to the $2,864,607.12 due at closing.[5] (*Id.* ¶ 15.)

---

[2] Plaintiff's only added allegation is, "[a]dditionally, [D]efendants had to know that requiring [P]laintiff to pay money it did not owe was a clear violation of [P]laintiff's property and/or contractual rights provided under the [C]onstitution, the 14th [A]mendment and 42 U.S.C. § 1983." (Am. Compl. ¶ 18.)

[3] For the purpose of considering the instant motions, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

[4] Defendants are both employees of the NJDCA. (Compl. ¶¶ 6-7.)

[5] In its Amended Complaint, Plaintiff only summarily states that "[b]asically, in an arbitrary and capricious manner[,] [D]efendants required [P]laintiff pay an extra $692,393 it did not owe." (Am. Compl. ¶ 15.) It is otherwise unclear how, if at all, each or either individual Defendant was responsible for "requiring" Plaintiff to pay additional non-owed monies. (*See generally id.*)

Other than what is recounted above, Plaintiff provides no further allegations. (*See generally id.*) Plaintiff also does not provide any standard recitation of counts brought against Defendants. (*See generally id.*) Instead, Plaintiff simply invokes the Fourteenth Amendment and 42 U.S.C. § 1983 while concluding that Defendants "violated [P]laintiff's property and/or contractual rights in an arbitrary and capricious manner" by "requiring [it] to pay money it did not owe." (*Id.* ¶¶ 17-18.) On these facts alone the Court considers Defendants' motion.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2)[6] "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state that the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw

---

[6] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III. DISCUSSION

Defendants in their moving brief contend that: (1) they are protected from suit by the Eleventh Amendment; (2) they are protected by qualified immunity; and (3) Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. (*See generally* Defs.' Moving Br., ECF No. 10-1.) Plaintiff, in opposition, only addresses Defendants' qualified immunity assertions. (*See generally* Pl.'s Opp'n Br., ECF No. 19-1.) The Court does not, however, reach the issue of qualified immunity because it finds that Plaintiff's allegations in its Amended Complaint fail to meet the Rule 8(a)(2) pleading standard.

Plaintiff's Amended Complaint does not formally list counts against Defendants, but instead alludes generally to the Constitution, the Fourteenth Amendment, and 42 U.S.C. § 1983. (Am. Compl. ¶ 18.) As the Fourteenth Amendment, as applied against the States through 42 U.S.C. § 1983, is the only constitutional provision expressly identified in the Amended Complaint, the Court considers whether Plaintiff pleaded sufficient facts to sustain a claim under that Amendment. *Gormley v. Wood-El*, 93 A.3d 344, 358 (N.J. 2014) ("Section 1983 is a means of vindicating rights guaranteed in the United States Constitution and federal statutes."); *see also Harvey v. Gloucester Cnty. Jail*, No. 18-1797, 2018 WL 4735738, at *2 (D.N.J. Oct. 2, 2018) (outlining how 42 U.S.C. § 1983 provides a procedural vehicle to bring a claim for the violation of certain constitutional rights by state actors).

"The Due Process Clause of the Fourteenth Amendment prohibits states from depriving 'any person of life, liberty, or property, without due process of law." *Robinson v. Paulhus*, No. 19-12572, 2021 WL 288577, at *4 (D.N.J. Jan. 28, 2021) (quoting U.S. CONST. amend. XIV § 1). "The core of due process is the protection against arbitrary governmental action and has procedural and substantive components." *Boyanowski v. Cap. Area Intermediate Unit*, 215 F.3d 396, 399 (3d Cir. 2000) (citation omitted). To state a procedural due process claim under § 1983, a plaintiff must allege that: "(1) [it] was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to [it] did not provide 'due process of law'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2006)). "On the other hand, '[t]o prevail on a substantive due process claim, a plaintiff must demonstrate an arbitrary and capricious act deprived [it] of a protected property interest.'" *Robinson*, 2021 WL 288577, at *4 (quoting *Taylor Inv., Ltd. v. Upper Darby Township.*, 983 F.2d 1285, 1292 (3d Cir. 1999)). "It is well-settled that only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Id.* (quoting *Kalick v. United States*, 35 F. Supp. 3d 639, 646 (D.N.J. 2014)).

The Court's analysis here will be brief. Plaintiff's allegations in its Amended Complaint are insufficient to sustain a constitutional claim.[7] For example, while it appears Plaintiff brings a substantive due process claim, Plaintiff offers only conclusory or vague allegations to this end. (*See, e.g.*, Am. Compl. ¶ 17 (alleging that "[D]efendants violated [P]laintiff's property and contract rights in an arbitrary and capricious manner" suggesting a substantive due process allegation); ¶ 15 (providing only that "[D]efendants required [P]laintiff [to] pay an extra $692,393 it did not owe" but providing no further context).) Plaintiff's allegation that Defendants required over $600,000 to be paid without justification, "in an arbitrary and capricious manner," is merely a conclusory recitation of the due-process claim rule statement. (Am. Compl. ¶ 15.) *Robinson*, 2021 WL 288577, at *4 ("To prevail on a substantive due process claim, a plaintiff must demonstrate an arbitrary and capricious act deprived [it] of a protected property interest." (quoting *Taylor*, 983 F.2d at 1292)). Moreover, Plaintiff does not clearly identify what the nature of its interest in the Property was and why that interest was constitutionally protected. (*See generally* Am. Compl.) Without further elaboration from Plaintiff regarding its factual allegations and what claims those facts support, Defendants are not fairly put on notice of the allegations against them. *Twombly*, 550 U.S. at 555 (articulating that Rule 8(a)(2) requires only "'a short and plain statement of the

---

[7] Perplexingly, at times in its briefing, Plaintiff suggests that it intends to bring a Contracts Clause claim against Defendants, but such intent is not clearly stated in the Amended Complaint. (*See* Am. Compl. ¶ 18 (suggesting a constitutional violation where it alleges Defendants clearly violated Plaintiff's "property and/or contractual rights provided under the [C]onstitution")); Pl.'s Opp'n Br. 6-7 (appearing to copy and paste case law implicating the Contracts Clause while discussing qualified immunity (citing *Larsen v. Senate of Com. of Pa.*, 154 F.3d 82, 88 (3d Cir. 1998)))). Instead, the Amended Complaint lists only the Fourteenth Amendment and 42 U.S.C. § 1983. (*See generally* Am. Compl.) As such, should Plaintiff intend to bring a Contracts Clause claim, one will have to be pled. The Court cannot rely on allegations brought only in Plaintiff's briefing. *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (citation omitted)).

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" (quoting *Conley*, 355 U.S. at 47)); *Yori v. Domitrovich*, 654 F. App'x 52, 53-54 (3d Cir. 2016) (finding that claims cannot be "broad and vague," but rather they must be "simple, concise, and direct" (quoting *In re Westinghouse Secs. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996))).

The Court declines Plaintiff's invitation to guess what constitutional theories Plaintiff intends to bring against Defendants and how Plaintiff's limited allegations, devoid of context, relate to those theories. Plaintiff should take care to outline for this Court and for Defendants exactly how the wrongful behavior Plaintiff alleges violates "the [C]onstitution, the [Fourteenth] [A]mendment and 42 U.S.C. § 1983." (Am. Compl. ¶ 18.) As the Court cannot decipher what specific constitutional violations Plaintiff alleges, and how its allegations of arbitrary and capricious behavior relate to such alleged constitutional violations, the Court will not venture into Defendants' immunity arguments.[8] If Plaintiff files a Second Amended Complaint, as it will be permitted an opportunity to do, and Defendants still believe their immunity arguments apply, Defendants may reassert their arguments in a subsequent motion to dismiss.

---

[8] The Court stops its analysis here because a qualified immunity defense, for example, requires a Court to assess "whether the facts alleged []in the context of a motion to dismiss . . . make out a violation of a constitutional right." *Karns v. Shanahan*, 879 F.3d 504, 520 (3d Cir. 2018) (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). Where, as here, the Court cannot decipher what constitutional violation occurred or the facts underpinning it, assessing immunity would be a vain endeavor.

## IV. CONCLUSION

For the reasons outlined above, Plaintiff's Amended Complaint is dismissed. Plaintiff will be allowed an opportunity to file a Second Amended Complaint. An accompanying Order will follow.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**