**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WINFIELD SCOTT TOWER URBAN RENEWAL LP, <br><br> Plaintiff, <br><br> v. <br><br> LORISSA LUCIANI, *et al.*, <br><br> Defendants. | Civil Action No. 23-133 (MAS) (TJB) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court upon Defendants Lorissa Luciani ("Luciani"), Angela Goode ("Goode") (collectively, "the Individual Defendants"), and the New Jersey Department of Community Affairs's Division of Housing and Community Resources's (the "NJDCA") (collectively, "Defendants") Motion to Dismiss (ECF No. 38) Plaintiff Winfield Scott Tower Urban Renewal LP's ("Winfield" or "Plaintiff") Third Amended Complaint ("TAC") (ECF No. 37). Plaintiff opposed (ECF No. 42), and Defendants replied (ECF No. 45). After careful consideration of the parties' submissions, the Court decides Defendants' motion without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons outlined below, Defendants' Motion to Dismiss is granted.

I.  **BACKGROUND**

A.  **Factual Background**[1]

In its Opinion today, the Court focuses on the additional allegations that Plaintiff has brought in its TAC and whether such additions render the TAC capable of surviving Defendants' Motion to Dismiss. As such, the Court adopts and incorporates the background set forth in the Court's Memorandum Opinion dated October 24, 2024 (the "October 2024 Opinion"), dismissing Plaintiff's Second Amended Complaint ("SAC"). (Mem. Op., ECF No. 35.)

B.  **The Court's Previous Opinion**

In the SAC, Plaintiff brought one claim under 42 U.S.C. § 1983 and one claim for breach of contract against Defendants (*see generally* SAC, ECF No. 31), and in its October 2024 Opinion, the Court granted Defendants' motion to dismiss in its entirety. (Mem. Op. 12.) Specifically, the Court held that the NJDCA and Luciani and Goode—in their official capacities only—were entitled to immunity under the Eleventh Amendment. (*Id.* at 8.) Because the breach of contract claim was only pled against the NJDCA, the Court dismissed that claim for lack of subject matter jurisdiction in its entirety. (*Id.* at 8 n.5.) With only the claims against Luciani and Goode in their individual capacities remaining, the Court found that the Individual Defendants did not satisfy their burden demonstrating that qualified immunity barred suit against them. (*Id.* at 8-9.) The Court nonetheless dismissed Count One against the Individual Defendants in their individual capacities, finding that Plaintiff did not adequately plead facts to satisfy the arbitrary and capricious pleading standard required for a substantive due process claim. (*Id.* at 9-12.) The Court accordingly

---

[1] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

dismissed the SAC without prejudice, allowing Plaintiff one final opportunity to amend its pleadings (*id.* at 12), and Plaintiff timely filed its TAC (*see generally* TAC, ECF No. 37).

C. **Plaintiff's Third Amended Complaint**

The TAC includes the same claims as the SAC: (1) one count against Defendants under 42 U.S.C. § 1983 alleging deprivation of Plaintiff's "property and contract" rights in violation of the Fourteenth Amendment's Due Process Clause ("Count One") (TAC ¶¶ 10-39); and (2) one count against the NJDCA only for breach of contract ("Count Two") (*id.* ¶¶ 40-44). Plaintiff adds the eight paragraphs detailed below to the TAC in an attempt to remedy the deficiencies that the Court identified in its October 2024 Opinion. (*Id.* ¶¶ 32-39; *see generally* Mem. Op.) The TAC is the same as the SAC barring these changes. (*Compare* SAC, *with* TAC ¶¶ 32-39).

> 32. In essence, defendants took money from plaintiff i.e. $692[,]393 without any justification on [sic] any due process procedure for such taking.
>
> 33. By taking plaintiff's money, which it had no right to do, it denied plaintiff its 14th amendment protection of life, liberty and/or property.
>
> 34. The defendant provided no procedures for such taking or any procedures to contest such taking.
>
> 35. It simply took plaintiff's property without right or due process.
>
> 36. The taking was not done negligently or in the split second of the moment but, rather was thought out and done in a manner which would deprive plaintiff of it[s] property without any means to contest said taking.
>
> 37. The taking was done in an arbitrary and capricious manner. As of this date, defendants have yet to offer any proper explanation for said taking.
>
> 38. The taking by defendants under color of state law shocks the [conscience].

> 39. The idea that without justification actors acting under color of state authority can take money that belongs to someone without justification should and does shock the [conscience].

(TAC ¶¶ 32-39.) Defendants moved to dismiss the TAC. (Defs.' Moving Br., ECF No. 38.) Plaintiff opposed (Pl.'s Opp'n Br., ECF No. 42), and Defendants replied (Defs.' Reply Br., ECF No. 45).

## II.  LEGAL STANDARD

### A.  Rule 12(b)(1) Standard[2]

At any time, a defendant may move to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Fed. R. Civ. P. 12(b)(1), (h)(3). "A motion to dismiss . . . for lack of subject matter jurisdiction made prior to the filing of the defendant's answer is a facial challenge to the complaint." *Bennett v. Atlantic City*, 288 F. Supp. 2d 675, 678 (D.N.J. 2003) (citations omitted). "A facial 12(b)(1) challenge, which attacks the complaint on its face without contesting its alleged facts, is like a 12(b)(6) motion in requiring the court to consider the allegations of the complaint as true." *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (internal quotation marks and citation omitted). The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion . . . to be turned into an attack on the merits." *Id.* at 272 n.14.

### B.  Rule 12(b)(6) Standard

Rule 8(a)(2) "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

---

[2] "A motion to dismiss on the grounds of state sovereign immunity is properly brought pursuant to Rule 12(b)(1) because the Eleventh Amendment 'is a jurisdictional bar which deprives federal courts of subject matter jurisdiction.'" *Orden v. Borough of Woodstown*, 181 F. Supp. 3d 237, 243 (D.N.J. 2015) (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996)).

4

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III.    DISCUSSION

Defendants argue that the TAC should be dismissed with prejudice for two main reasons: (1) Defendants are immune from suit, and thus the case should be dismissed under Rule 12(b)(1); and (2) Counts One and Two should be dismissed for failure to state a claim under Rule 12(b)(6).[3] (*See generally* Defs.' Moving Br.) The Court addresses each in turn.

---

[3] Plaintiff spent considerable time on arguments concerning qualified immunity in its opposition brief. (Pl.'s Opp'n Br. 1-8.) Since Defendants intentionally did not raise this issue in their motion to dismiss (*see* Defs.' Moving Br. 17 n.4) because the Court already rejected this argument in its October 2024 Opinion (*see* Mem. Op. 8-9), the Court will not discuss qualified immunity in this opinion.

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III.    DISCUSSION

Defendants argue that the TAC should be dismissed with prejudice for two main reasons: (1) Defendants are immune from suit, and thus the case should be dismissed under Rule 12(b)(1); and (2) Counts One and Two should be dismissed for failure to state a claim under Rule 12(b)(6).[3] (*See generally* Defs.' Moving Br.) The Court addresses each in turn.

---

[3] Plaintiff spent considerable time on arguments concerning qualified immunity in its opposition brief. (Pl.'s Opp'n Br. 1-8.) Since Defendants intentionally did not raise this issue in their motion to dismiss (*see* Defs.' Moving Br. 17 n.4) because the Court already rejected this argument in its October 2024 Opinion (*see* Mem. Op. 8-9), the Court will not discuss qualified immunity in this opinion.

### A. Eleventh Amendment Immunity

Defendants argue that they are immune from suit under the Eleventh Amendment, and that none of the three exceptions to such immunity apply here. (*Id.* at 11-12.) The TAC does not allege any new facts that would change the Court's prior analysis regarding immunity under the Eleventh Amendment, and yet Plaintiff still brings Count One against the NJDCA and the Individual Defendants, in their official capacities, and Count Two against the NJDCA. (*See generally* TAC.) The Court declines to revisit the issue and reiterates its prior finding that the NJDCA and the Individual Defendants in their official capacities are immune from suit under the Eleventh Amendment. (Mem. Op. 5-8.) As such, the Court dismisses Count One with prejudice as to the NJDCA and the Individual Defendants in their official capacities and dismisses Count Two without prejudice.[4]

### B. Section 1983 Claim (Count One)

"Section 1983 provides a remedy against 'any person' who, under color of state law, deprives another of rights protected by the Constitution." *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992) (quoting 42 U.S.C. § 1983). A plaintiff must prove that: (1) "they were deprived of a right secured by the Constitution or laws of the United States"; and (2) "the alleged deprivation was committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). The Due Process Clause of the Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law." *Robinson v.*

---

[4] The Court dismisses Count Two without prejudice because, as the Court noted in its October 2024 Opinion, Plaintiff is not prohibited from bringing its breach of contract claim in state court, where New Jersey has waived its sovereign immunity. *See NJSR Surgical Ctr., L.L.C. v. Horizon Blue Cross Blue Shield of N.J., Inc.*, 979 F. Supp. 2d 513, 519-20 (D.N.J. 2013) (holding that the State of New Jersey waived its sovereign immunity in the New Jersey Contractual Liability Act for breach of contract actions brought in state court *only*).

*Paulhus*, No. 19-12572, 2021 WL 288577, at *4 (D.N.J. Jan. 28, 2021) (quoting U.S. Const. amend. XIV, § 1). "The core of due process is the protection against arbitrary governmental action and has procedural and substantive components." *Boyanowski v. Cap. Area Intermediate Unit*, 215 F.3d 396, 399 (3d Cir. 2000) (citation omitted). The Third Circuit has recognized that "a negligent deprivation of due process will not sustain a § 1983 claim." *Jordan v. Fox Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1277 (3d Cir. 1994). Rather, a plaintiff must "at a minimum, prove recklessness or 'gross negligence' and in some instance[s] may be required to show a 'deliberate decision to deprive' the plaintiff of due process." *Id.* The Court understands Plaintiff to be raising both substantive and procedural due process violations and will analyze each accordingly.

> 1. ***Substantive Due Process***

To adequately plead a substantive due process claim, a plaintiff must allege "that an arbitrary and capricious act deprived them of a protected property interest." *Cnty. Concrete Corp. v. Township of Roxbury*, 442 F.3d 159, 165 (3d Cir. 2006) (quoting *Taylor Inv., Ltd. v. Upper Darby Township*, 983 F.2d 1285, 1292 (3d Cir. 1993)). Such arbitrary and capricious actions are only the most "egregious official conduct" that "shocks the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998) (internal quotations omitted) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "While the meaning of the standard varies depending upon factual context, merely alleging an improper motive is insufficient." *Chainey v. Street*, 523 F.3d 200, 220 (3d Cir. 2008) (citing *United Artists Theatre Cir. v. Township of Warrington*, 316 F.3d 392, 400 (3d Cir. 2003)).

Here, the Court has already decided that the previous pleadings were not sufficient to state a claim upon which relief could be granted for substantive due process. (*See generally* Mem. Op.) The Court, therefore, must evaluate whether the only additions to the TAC— paragraphs thirty-two

through thirty-nine—remedy the deficiencies of the SAC. (*Compare* SAC, *with* TAC ¶¶ 32-39.) Because the Court held in its October 2024 Opinion that Plaintiff did not adequately plead the arbitrary and capricious act requirement sufficient to sustain a substantive due process claim, the Court focuses its attention on that element first.

In the TAC, Plaintiff alleges that Defendants took Plaintiff's money "without any justification," and in "an arbitrary and capricious manner," that "shocks the conscious." (TAC ¶¶ 32, 37, 38.) It also alleges that the taking was not negligent. (*Id.* ¶ 36.) These are, however, simply conclusory allegations and "formulaic recitation[s] of the elements of a cause of action," which are insufficient to adequately plead a claim. *Twombly*, 550 U.S. at 555.

Plaintiff further alleges that there is no explanation for Defendants' behavior other than racial grounds and that Defendants wanted to "stick it" to Daniel Cohen, Winfield's Caucasian Jewish principal. (*See* TAC ¶¶ 25, 36.) Plaintiff, however, does not include any factual allegations that the Individual Defendants made any statements or conducted themselves in a way to allow the Court to infer such racial discrimination. (*See* TAC); *Chainey*, 523 F.3d at 220 ("[M]erely alleging an improper motive is insufficient."). While the Third Circuit has recognized "ethnic bias" as "[c]onscience-shocking conduct," the TAC simply has not provided any facts to support such a label. *Tomko v. Baldwin Borough*, No. 21-2593, 2022 WL 1772988, at *2 (3d Cir. June 1, 2022) (quoting *Iqbal*, 556 U.S. at 678) ("[Plaintiff] labels the [d]efendants' actions 'corruption' and 'self-dealing,' but the complaint does not support those labels. 'A pleading that offers "labels or conclusions" or "a formulaic recitation of the elements of a cause of action will not do."'"). Stripping away the conclusory allegations and reading the TAC in the light most favorable to Plaintiff, the TAC does not adequately plead that the Individual Defendants, in their individual

capacities, engaged in "conscience shocking" behavior sufficient to satisfy the arbitrary and capricious pleading standard required for substantive due process.

### 2.    *Procedural Due Process*

The Court engages in a two-part inquiry to analyze a procedural due process claim: "(1) whether the plaintiff has a property interest protected by procedural due process'[;] and (2) what procedures constitute due process of law." *Schmidt v. Creedon*, 639 F.3d 587, 595 (3d Cir. 2011) (internal quotations omitted) (citing *Gikas v. Wash. Sch. Dist.*, 328 F.3d 731, 737 (3d Cir. 2003)). To adequately plead a due process claim under § 1983, a plaintiff must allege that: "(1) [it] was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property[;]' and (2) the procedures available to [it] did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).

Here, even assuming that Plaintiff has asserted a protected property interest of which it was deprived, Plaintiff has still failed to allege what procedure was required, or otherwise bypassed, that resulted in a failure to provide due process of law. (*See generally* TAC.) Plaintiff makes a conclusory allegation that Defendants did not provide him any "procedures for such taking or any procedures to contest such taking" (*id.* ¶ 34), and that the taking "was not done negligently" but rather in a manner that did not provide Plaintiff with "any means to contest said taking" (*id.* ¶ 36). But Plaintiff has made no allegations as to what procedures were or were not available to it or why those procedures were inadequate, only referencing that it "inquired as to the reason" for the payment. (TAC ¶¶ 18-19.) As far as the TAC alleges, Plaintiff has sought no remedies other than the instant case. But "if there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants."

*Alvin*, 227 F.3d at 116 (citing *McDaniels v. Flick*, 59 F.3d 446, 460 (3d Cir. 1995)) ("In order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate."); *Butterline v. Bank of N.Y. Mellon Trust Co., Nat'l Ass'n*, 841 F. App'x 461, 464 (3d Cir. 2020) (explaining that if there is a process available to a plaintiff that "apparently provides adequate procedural remedies, a plaintiff must avail himself of that process before bringing a procedural due process claim"). Without any facts regarding any such process, the TAC fails to adequately plead a due process violation. *See N.C. v. Division of Child Prot. and Permanency*, No. 18-2498, 2022 WL 228291, at *3 (D.N.J. Jan. 25, 2022) (dismissing a procedural due process claim because plaintiff did not allege any facts "about what processes were available to her, whether [p]laintiff took advantage of those processes, or why those processes were inadequate"). The Court, accordingly, dismisses Count One against the Individual Defendants in their individual capacities.

In accordance with the October 2024 Opinion of this Court, which granted Plaintiff a final opportunity to amend its complaint and adequately outline for the Court how the wrongful behavior Plaintiff alleges "violated [P]laintiff's protected property and contract rights under the Constitution and in violation of [42 U.S.C.] § 1983," the Court dismisses Count One with prejudice. (Mem. Op. 12 (quoting SAC ¶ 29).)

## IV.     CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is granted. Plaintiff's § 1983 claim is dismissed with prejudice, and Plaintiff's breach of contract claim is dismissed without prejudice to Plaintiff's right to seek relief before the New Jersey state courts. The Court will issue an Order consistent with this Memorandum Opinion.

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE